**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| ROBERT E. WILSON, JR., § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO. 3:20-cv-00208 |
| § | |
| KILOLO KIJAKAZI, ACTING § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND OPINION

Plaintiff Robert E. Wilson, Jr. ("Wilson") seeks judicial review of an administrative decision denying his application for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Wilson and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner").[1] *See* Dkts. 17, 21. After reviewing the briefing, the record, and the applicable law, Wilson's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**. This case is remanded to the Social Security Administration for further proceedings.

## BACKGROUND

Wilson is a former player in the National Football League ("NFL"). After leaving the NFL, Wilson learned that he suffers from various symptoms that are consistent with a chronic traumatic encephalopathy ("CTE") diagnosis.[2] Based on

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security and is automatically substituted as a party under Federal Rule of Civil Procedures 25(d).

[2] "CTE is a progressive neurologic disorder that manifests as a combination of cognitive, mood and behavioral, and neurologic symptoms." Dkt. 19 at 4. "A definitive diagnosis in the opinion of many physicians can so far be made only post-mortem." Dkt. 14-3 at 15.

his purported CTE symptoms and other ailments, Wilson filed an application for benefits on August 23, 2017, alleging disability beginning January 15, 2012. His application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Wilson was not disabled. Wilson appealed the decision to the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir.

2

1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Wilson had not engaged in substantial gainful activity "during the period from his alleged onset date of January 15, 2012 through his date last insured of September 30, 2018." Dkt. 14-3 at 17.

The ALJ found at Step 2 that Wilson suffered from "the following severe impairments: depression, cognitive disorder, arthritis of the shoulders and obesity." *Id.*

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Wilson's RFC as follows:

> [T]he claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c). The claimant can

3

occasionally reach overhead. He requires a low stress work environment with simple and repetitive tasks. He can have occasional contact with the public.

*Id.* at 22 (footnote omitted).

At Step 4, the ALJ found that Wilson was unable to perform his past work as a caterer's helper or dining room attendant. And, at Step 5, the ALJ concluded that there are jobs that exist "in significant numbers in the national economy that Wilson can perform." *Id.* at 30.

## DISCUSSION

To determine whether a claimant is disabled, the ALJ generally asks a vocational expert ("VE") whether a hypothetical person with the claimant's RFC can perform jobs that are available in the national economy. In this appeal, Wilson argues that the ALJ posed a hypothetical question to the VE that failed to include Wilson's nonexertional limitations as described in the ALJ opinion. Simply put, Wilson contends that the ALJ posed a flawed hypothetical to the VE.[3]

A defective hypothetical is reversible error. *See Boyd*, 239 F.3d 698, 708 (5th Cir. 2001); *Orosco v. Comm'r of Soc. Sec. Admin.*, 171 F. Supp. 3d 539, 544 (E.D. Tex. 2016). A hypothetical question posed to a VE is not defective if (1) the hypothetical question reasonably incorporates all disabilities of the claimant recognized by the ALJ, and (2) "the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question)." *Bowling v. Shalala*,

---

[3] Wilson advances two other arguments that I do not address here. He first argues that the ALJ failed to account for the social limitations and cognitive deficits that he experiences due to CTE. He also argues that the ALJ failed to properly weigh the findings of various examining physicians against his own self-reported limitations. I do not reach Wilson's other arguments.

36 F.3d 431, 436 (5th Cir. 1994). The first requirement is not met here, and remand is required. *See Wanzer v. Colvin*, N. 4:15-cv-003-Y-BL, 2016 WL 7742739, at *7 (N.D. Tex. Feb. 9, 2016) ("Both conditions must be met in order to avoid reversible error."); *See Singleton v. Colvin*, No. 2:15-CV-0268, 2016 WL 8674675, at *5 (N.D. Tex. Sept. 9, 2016) (explaining that claimant need not show prejudice because a defective hypothetical is reversible error); *Guillen v. Astrue*, 584 F. Supp. 2d 930, 936 (W.D. Tex. 2008) (same).

The ALJ determined that Wilson had the RFC to perform medium work, with an overhead reaching limitation, and the following nonexertional limitations: "[h]e requires a low stress work environment with simple and repetitive tasks. He can have occasional contact with the public." Dkt. 14-3 at 22. According to the ALJ, a low stress work environment includes: "[l]imited interaction with other people—job must keep the interaction with bosses, customers, and co-workers to a minimum." *Id*.

During the hearing, the ALJ posed the following hypothetical to the VE:

> If I have a person that's approaching . . . age 50 during the process of the hearing time, 12th grade education. We have a medium residual functional capacity, limited to occasional overhead, simple instructions only. They should be simple repetitive instructions with occasional public contact and a *low stress environment as defined [by] the doctor*. Do you have jobs at medium that such a person could perform?

Dkt. 14-4 at 60–61 (emphasis added). Within the hypothetical, the ALJ references a low stress work environment "as defined by the doctor," not as defined by the ALJ. *Id.* at 60. The doctor referenced by the ALJ is Ashok Khushalani, a board-certified psychiatrist who testified in the administrative hearing. In pertinent part, Dr. Khushalani offered the following testimony regarding a low stress work environment:

5

```
    A   He should be able to do simple repetitive tasks with
occasional public contact.
    Q   What about stress?
    A   In a low stress environment he should be okay.
    Q   He needs a low stress environment?
    A   Yes, sir.
    Q   What about contact with workers, coworkers, and supervisors?
Is there a limitation on that?
    A   I don't see any limitation on that except --
    Q   Okay.
    A   -- except the public contact should be limited.
```

*Id.* at 48. When specifically asked what he meant by low stress, Dr Khushalani stated that he meant "the individual is limited to one or two steps and there's no quotas, or you know, impose an imposition of certain things to be done within a certain time." *Id.* at 55. Notably, Dr. Khushalani's definition does not include nonexertional limitations regarding workers, coworkers, and supervisors; he simply does not believe that Wilson had any such limitations.

In short, Dr. Khushalani provided one definition of a low stress work environment at the administrative hearing that included no limitations on working with others, and the ALJ rendered an opinion afterwards that provided an entirely different definition that did include limitations on working with others. The error arises because only Dr. Khushalani's definition of a low stress work environment made it to the VE. The VE did not have an opportunity to consider the limitations the ALJ identified in his opinion regarding Wilson's nonexertional limitations with respect to supervisors, coworkers, and peers. *See Guillen*, 584 F. Supp. at 940 ("Only where the testimony by the VE is based on a correct account of a claimant's qualifications and restrictions, may an ALJ properly rely on the VE's testimony and conclusion."). Instead, the VE only considered whether the jobs were limited to

6

one or two steps without production quotas. This is reversible error. *See Walker v. Berryhill*, No. 7:16-CV-00150-O-BP, 2017 WL 6883894, at *5 (N.D. Tex. Dec. 19, 2017) ("Because the hypothetical question did not reasonably incorporate all disabilities of the claimant recognized by the ALJ, the question is defective and remand is required.").

## CONCLUSION

For the reasons provided above, Wilson's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**. This case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

SIGNED this 30th day of July 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE