United States District Court
Southern District of Texas
**ENTERED**
November 20, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| ROBERT E. WILSON, JR., § § Plaintiff. § § V. § § COMMISSIONER OF SOCIAL § SECURITY, § § Defendant. § | CIVIL ACTION NO. 3:20-cv-00208 |

## OPINION AND ORDER

Before me is Plaintiff's Motion and Brief for Attorney Fees Pursuant to Section 206(b) of the Act. *See* Dkt. 29. Plaintiff's counsel, Karl Osterhout ("Osterhout"), seeks $27,066.00 for payment of attorney's fees, which represents 25 percent of the past-due benefits to which Plaintiff is entitled.

"Federal law regulates the fees that attorneys may charge Social Security claimants for representation before the Social Security Administration and a reviewing court." *Culbertson v. Berryhill*, 139 S. Ct. 517, 519 (2019) (citing 42 U.S.C. §§ 406(a)–(b)). Under § 406(b), a district court that "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney" may award "a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (emphasis added).

Kilolo Kijakazi, the Acting Commissioner of Social Security ("Commissioner"), "has no direct financial stake in the outcome of this case," but posits that "the question before this Court is whether $27,066.00 would constitute a 'windfall' to Osterhout and not be considered a 'reasonable' amount under 42 U.S.C. § 406(b)." Dkt. 30 at 2–3. The Commissioner notes that the Social Security Administration "usually considers that a fee is not a windfall when it is no more

than twice the reasonable non-contingency hourly rate." Dkt. 30 at 2 (citing *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 422 (6th Cir. 1990)).

Osterhout claims—without attaching a supporting affidavit or evidence—that his "typical *noncontingent* hourly rate for work of a like nature is $400.00 per hour," though he footnotes that in 2017, the State Bar of Texas reported an average noncontingent rate of $281.00, which, accounting for inflation, would be $352.71 today. Dkt. 29 at 4. In any event, Osterhout's requested hourly rate of $753.93 is not more than twice Osterhout's allegedly reasonable non-contingency hourly rate. This does not, however, end the inquiry.

*Hayes* was decided prior to the Supreme Court's decision in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). In *Gisbrecht*, the Supreme Court held that § 406 does not displace contingency-fee agreements so long as they are within the statutory ceiling. *See id.* at 793. But *Gisbrecht* "certainly did not expect our district judges to turn a blind eye to hourly fee rates that are excessively high for the services provided in their courts." *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010); *see also Gisbrecht*, 535 U.S. at 808 ("Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved."). Thus, district courts should look to additional, specific factors like "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter*, 622 F.3d at 382 (quotation omitted). This is not an exhaustive list, however, and the Fifth Circuit trusts district courts to exercise their discretion in determining "whether an attorney's success on a particular case was unearned." *Id.* at 381 n.12.

I have reviewed the Motion for Attorney's Fees, as well as the supporting documentation. I find that an award of $27,066.00 in attorney's fees would constitute a windfall. To reach the $27,066.00 figure, Osterhout multiplied the

past-due benefits awarded Plaintiff on October 16, 2023 ($108,264.00) by 25 percent.[1] Yet, as Osterhout's billing records show, his work in framing Plaintiff's case before this court ended on February 26, 2021.[2] Thus, the past-due benefits due Plaintiff increased merely through the passage of time—2 years, 7 months, and 20 days' time, to be precise. That means 31 months (rounding down) of Plaintiff's past due benefits are not attributable to Osterhout's skill or effort.[3] "The delays, . . . although not chargeable in this case to any fault of [Osterhout], had the effect of substantially increasing the maximum amount of allowable attorney fees if based upon a percentage of the entire amount of accumulated benefits." *Dearing v. Sec'y of Health & Hum. Servs.*, 815 F.2d 1082, 1083 (6th Cir. 1987) (restricting any potential fee award to no "greater than 25 percent of the amount of back benefits accumulated by three months after the case was ready for decision by the district court"). "It seems perverse that an ultimately successful disabled claimant should be further punished by the delays of the administrative process." *Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 835 (S.D. Ohio 2018) (quotation omitted).[4] For this reason, I will reduce the past-due benefits to be considered as

---

[1] Osterhout does not attach an affidavit in support of his motion, and his billing records do not reflect *who* performed the recorded work. *See* Dkt. 29-2. Osterhout is not a solo practitioner, as evidenced by the Contingent Fee Agreement, which shows the signatures of four partners. *See* Dkt. 29-3 at 1.

[2] Although Osterhout reviewed the Commissioner's cross-motion for summary judgment on March 30, 2021, he did not file a reply or make any further substantive filings concerning Plaintiff's appeal. *See* Dkt. 29-2 at 1.

[3] Although Osterhout's billing records do not reflect work at the administrative level, Osterhout suggests that "the amount paid to the administrative level representative will be deducted from the amount paid to [Osterhout]." Dkt. 29 at 1. As a reminder, "federal courts do not have jurisdiction to award fees for administrative level services." *Smith v. Sullivan*, 986 F.2d 232, 233 (8th Cir. 1993).

[4] As the *Ringel* court observed, "the *Dearing* formula is rarely cited and largely has been forgotten." 295 F. Supp. 3d at 834. But *Gisbrecht* supports such an analysis, instructing that "a downward adjustment is . . . in order" where "the benefits are large in comparison to the amount of time counsel spent on the case." 535 U.S. at 808. Such a "reduction—which can occur *even without any hint of misconduct by counsel*—seeks to avoid an unreasonable 'windfall.'" *Ringel*, 295 F. Supp. 3d at 824.

part of the attorney's fees calculation by subtracting the value of the past-due benefits that are attributable to the time period from my decision granting Plaintiff's motion for summary judgment (July 30, 2021) until Plaintiff was awarded past-due benefits (October 16, 2023).[5]

Per the Social Security Administration's Notice of Award, *see* Dkt. 29-1 at 1, the value of the past-due benefits in the four months (not including the last few days in May 2021) between August 2021 and November 2021 is $5,975.20; the value of the 12 months between December 2021 and November 2022 is $18,982.80; and the value of the 10 months between December 2022 and September 2023 (not including the 16 days in October) is $17,195.00. Thus, the total value—in terms of Plaintiff's past due benefits—of the 26 months (rounding down) that Osterhout did not work on this case is $42,153.00. Subtracted from $108,264.00 (the total amount of Plaintiff's past due benefits), this results in a revised past-due benefits amount on which attorney's fees should be based of $66,111.00. Twenty-five percent of $66,111.00 is $16,527.75. This is a reasonable amount of attorney's fees.

I note that on November 12, 2021, I awarded $7,260.78 in attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"). *See* Dkt. 27. As explained by the Fifth Circuit, "§ 406(b) fees are paid directly to the successful claimant's attorney, [whereas] EAJA fees are paid to the claimant." *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (citing *McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir. 2006)). Thus, "it is more appropriate for counsel to make the required refund to h[er] client, rather than to delegate that duty to the Commissioner." *McGraw*, 450 F.3d at 497 n.2.

Accordingly, it is **ORDERED** that Osterhout is awarded $16,527.75 in attorney's fees out of Plaintiff's past-due benefits pursuant to § 406(b).

---

[5] Osterhout's billing records show that he did no work whatsoever on this case for the five months between June 19, 2020 and November 19, 2020, or for the four months between March 30, 2021 and July 30, 2021. I have not reduced the denominator by this time, however, as neither of these delays are extraordinary.

Additionally, Osterhout is **ORDERED** to refund the EAJA award in the amount of $7,260.78 directly to Plaintiff.

SIGNED this 20th day of November 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE